UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**SEP 2 6 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| Stanley A. Slupkowski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1201 (UNA) |
| | ) | |
| Department of the United States Navy, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This civil action, for which plaintiff has paid the applicable filing fee, is before the Court

on its initial review of the *pro se* complaint.  Plaintiff is incarcerated at the Federal Medical

Center in Rochester, Minnesota, pursuant to 18 U.S.C. § 4246.  *See U.S. v. Slupkowski*, No. 08-

8336, 2011 WL 3510247 (4th Cir. Aug. 11, 2011) (affirming district court's order committing

plaintiff to the custody of the Attorney General due to mental disease or defect).

"Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at

any time [it] determines that . . . the action . . . is frivolous . . . ."  28 U.S.C. § 1915(e)(2).

Furthermore, the Court is required to dismiss a case "at any time" it determines that subject

matter jurisdiction is wanting.  Fed. R. Civ. P. 12(h)(3).  For the following reasons, the Court

determines that this action is so frivolous as to deprive the court of subject matter jurisdiction.

The complaint, listing as co-plaintiffs Disabled American Veterans, Veterans of Foreign

Wars, Jewish War Veterans, and the French and British Ambassadors, is devoid of any facts

stating a cognizable claim against what is a hodgepodge of defendants.[1]  Plaintiff attaches to the

---

[1] Plaintiff lists as defendants the Department of the United States Navy, the Department
(continued...)

complaint a form captioned "Application for Correction of Military Record Under the Provisions

of Title 10, U.S. Code, Section 1552," but his typed text is mostly incoherent and, at most,

presents the sort of delusional scenarios warranting dismissal under § 1915(e)(2) as frivolous.

*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v Kelly*, 39 F.3d 328, 330-31 (D.C. Cir.

1994). Indeed, the allegations – such as they are – "constitute the sort of patently insubstantial

claims" that deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d

1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011)

("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial,

presenting no federal question suitable for decision.' ") (*quoting Tooley*, 586 F.3d at 1009).

Therefore, the case will be dismissed for want of subject matter jurisdiction.[2]  A separate Order

accompanies this Memorandum Opinion.

_____
United States District Judge

Date: September ___, 2011

---

[1](...continued)
of Defense, and the Secretary of State "Congressional Inquire Representative"; he lists as
"respondents" U.S. Representative Nancy Pelosi, the Office of the Vice President Senate
Leadership Office of the President of the Senate, the Secretary of State's Congressional Assistant
for Legislative Affairs, U.S. Senator John Warner, U.S. Representative Jo Ann S. Davis, several
offices in the legislative and executive branches of government, Bank of America, and Lockheed
Martin Corporation. *See* Compl. Caption. In addition, plaintiff lists the French and British
Ambassadors as both plaintiffs and respondents. *Id.*

[2]  On the remote chance that the complaint may be read as a challenge to the denial of
military benefits, *see* Compl. at 1, dismissal is required still because this Court lacks subject
matter jurisdiction over such matters. *See Price v. U.S.*, 228  F.3d 420, 421 (D.C. Cir. 2000)
("The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of
Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit.")
(citing 38 U.S.C. §§ 511, 7252, 7292) (other citations omitted).